UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHIRLEY SUE PARKER,<br><br>       Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN,<br> Acting Commissioner of Social Security,<br><br>       Defendant. | Case No. 3:15-cv-00426-RSL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for:  March 11, 2016 |

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance ("DIB") and supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976).  After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On April 17, 2012, plaintiff protectively filed applications for DIB and SSI, alleging disability as of April 15, 2012, due to mental illness and shoulder, neck, and back pain. <u>See</u> Administrative Record ("AR") 109, 123.  Her applications were denied upon initial administrative review and on reconsideration. <u>See</u> AR 107, 108, 137, 138.  A hearing was held

REPORT AND RECOMMENDATION - 1

before an administrative law judge ("ALJ") on November October 16, 2013, at which plaintiff, represented by counsel, appeared and testified, as did her daughter, Hillary Paige Parker. See AR 60-106. A vocational expert ("VE") appeared at the hearing but did not testify. See AR 63-4.

On October 21, 2013, the ALJ issued a decision in which plaintiff was determined to be not disabled. See AR 43-52. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on January 13, 2015, making the ALJ's decision defendant's final decision. See AR 10-15; see also 20 C.F.R. § 404.981. On March 26, 2015, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See ECF #3. The administrative record was filed with the Court on August 3, 2015. See ECF #9. The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for further proceedings, because the ALJ erred by: (1) improperly evaluating the medical opinion of examining physician Dr. Gary Gaffield; (2) relying on the opinions of non-examining psychologists; and (3) failing to adequately develop the record pertaining to plaintiff's past relevant work. For the reasons set forth below, the undersigned agrees that the ALJ erred in determining plaintiff to be not disabled, and therefore recommends that defendant's decision be reversed and remanded for further proceedings.

## DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v.

REPORT AND RECOMMENDATION - 2

Comm'r of Social Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Sec'y of Health & Human Servs., 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.     The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 3

conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.

*A. Gary Gaffield, D.O.*

Dr. Gary Gaffield examined plaintiff on July 10, 2012. AR 372-77. He found pain on manipulation of Plaintiff's left forefoot in the heel area and on compression of the Achilles

REPORT AND RECOMMENDATION - 4

tendon. AR 375. He noted tenderness at the insertion of the Achilles tendon on the calcaneus area. AR 375. She had reduced pulses and deep tendon reflexes in her lower extremities. AR 375. Plaintiff was unable to walk on her heels and had difficulty walking heel-toe due to left heel pain. AR 375. She also had difficulty hopping, bending, and squatting because of dyspnea and left heel pain. AR 375. However, she had no difficulty removing her footwear, rising from chairs, and getting on and off the examination table. AR 375. Dr. Gaffield diagnosed "Dyspnea with exertion with probably COPD secondary to chronic tobacco use" and "left heel pain secondary to a left Achilles tendinitis." AR 376. As a result of his clinical findings, Dr. Gaffield opined plaintiff could stand/walk for four hours of an eight hour day with adequate breaks and rest periods and could perform occasional postural activities. AR 376. With regard to workplace environment, Dr. Gaffield's functional assessment "advised on a frequent basis to avoid climbing stairs and ladders, steep inclined planes, irregular surfaces, obstacles in her pathway due to her lung disease and her left Achilles tendinitis. She would also be advised to avoid dust, fumes, gases, and extremes of temperature due to her lung disease." AR 377.

The ALJ noted Dr. Gaffield's opinion that plaintiff could stand and walk for four hours and had no sitting limitations. AR 50. He gave this opinion "some weight" based on consistency with Dr. Gaffield's examination findings. AR 50. The ALJ specifically rejected Dr. Gaffield's postural restrictions, finding plaintiff capable of posturals at the frequent level based on mild lumbar degenerative changes and normal lumbar spine range of motion.[2] AR 50. This frequent level was reflected in plaintiff's RFC. AR 48. Additionally, the ALJ included avoidance of concentrated exposure to environmental and other hazards in the RFC. AR 48. Plaintiff contends

---

[2] Dr. Gaffield specified occasional posturals. AR 376. "Occasional" means up to one-third of an eight hour workday. SSR 83-10. The ALJ found plaintiff capable of posturals at the frequent level, meaning one-third to two-thirds of the work day. SSR 83-10.

REPORT AND RECOMMENDATION - 5

the ALJ erred in rejecting Dr. Gaffield's environmental, stand/walk, and postural limitations.

Dr. Gaffield opined plaintiff would be advised "to avoid dust, fumes, gases, and extremes of temperature due to her lung disease." AR 377.  The ALJ included an RFC restriction that plaintiff "should avoid concentrated exposure to extreme cold, wetness, poor ventilation, fumes, odors, dusts, hazardous machinery, and unprotected heights." AR 48. Plaintiff claims the ALJ's RFC of "concentrated exposure" was less restrictive and did not adequately reflect Dr. Gaffield's assessment. Dkt. 11 at 11.  The Court agrees. Dr. Gaffield gave a general prohibition on exposure which suggests total avoidance of the named environmental hazards. This is a greater restriction than the "concentrated" exposure given by the ALJ. Therefore, the ALJ did not adequately account for the strict environmental restriction assessed by Dr. Gaffield.

In addition, the ALJ failed to properly discuss Dr. Gaffield's stand/walk limitation.  The ALJ gave some weight to Dr. Gaffield's opinion, but found plaintiff capable of standing/walking six hours. AR  47.  In reaching this conclusion, the ALJ acknowledged Dr. Gaffield's stand/walk restriction of four hours, but failed to explicitly reject this limitation in favor of the less restrictive RFC. This implicit rejection was error. While the ALJ "need not discuss *all* evidence presented," he "must explain why significant probative evidence has been rejected." <u>Vincent on Behalf of Vincent v. Heckler</u>, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).  Here, the ALJ rejected, without comment, Dr. Gaffield's stand/walk limitation which is supported by clinical findings.  Dr. Gaffield's opinion as to plaintiff's ability to stand/walk was significant and probative evidence.  The ALJ's apparent rejection without comment was error.

Plaintiff also contends the ALJ erred by reducing Dr. Gaffield's assessed limitations on posturals from occasional to frequent. Dkt. 11 at 13-15. The ALJ declined to adopt Dr. Gaffield's

REPORT AND RECOMMENDATION - 6

stricter limitations due to imaging showing mild lumbar degenerative changes and normal lumbar spine range of motion. AR 50.  However, the ALJ failed to note that Dr. Gaffield assessed the postural limitations due to demonstrated heel pain and lung disease.  AR 50, 377.  Upon examination, Dr. Gaffield observed plaintiff's difficulty hopping, bending, and squatting because of shortness of breath and left heel pain.  AR 375.  The ALJ made no mention or comment on these clinical findings. AR 50. Once again, the ALJ's failure to discuss this significant and probative medical evidence was error. See Vincent, 739 F.2d at 1394-95.  Additionally, the mild lumbar findings cited by the ALJ do not negate Dr. Gaffield's opinion that plaintiff has postural limitations due to her left heel pain and lung disease.  The ALJ's reason for rejecting Dr. Gaffield's more restrictive assessment was error.  See, Lester, 81 F.3d at 830-31.

While the ALJ erred in his evaluation of several aspects of Dr. Gaffield's opinion, the Court will not reverse a decision by an ALJ in which the errors are harmless and do not affect the ultimate decision regarding disability. See Molina v. Astrue, 674 F.3d 1104, 1117-22 (9th Cir. 2012). Thus, the Court must first determine whether the ALJ's unexplained rejection of Dr. Gaffield's sit/stand assessment or the reduction of postural limitations was "inconsequential to the ultimate determination of non-disability," and therefore, harmless.  Stout v. Comm'r of Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006).

Here, the ALJ erroneously rejected Dr. Gaffield's more restrictive limitations to environmental exposure, sitting/standing and posturals when formulating the RFC. When an ALJ ignores or improperly discounts significant and probative evidence in the record favorable to a claimant's position, the ALJ "thereby provide[s] an incomplete residual functional capacity [RFC] determination." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012).  When the RFC is incomplete, the hypothetical question presented to the vocational expert is also incomplete, and

REPORT AND RECOMMENDATION - 7

"the ALJ's reliance on the vocational expert's answers [is] improper." See id. at 1162.  This directly impacts the disability determination as the ALJ's step four and/or five conclusions would no longer supported by substantial evidence.

Despite the effect of a defective RFC on the ultimate decision on disability, the Commissioner argues harmless error.  According to the Commissioner, any error is harmless because the ALJ found plaintiff capable of performing her past relevant work as a warehouse worker as previously performed.  Dkt. 15 at 8.  However, the Commissioner failed to note that plaintiff's past relevant work required four hours of kneeling and/or crouching during a regular workday.[3] AR 291. Kneeling and crouching are posturals. See SSR 96-9p. Four hours of these posturals would surpass Dr. Gaffield's limitation to occasional, or only up to one-third of a workday, performance. Therefore, plaintiff would have been unable to perform her past relevant work if Dr. Gaffield's opinion had been properly incorporated into the RFC. Because the ALJ concluded his disability determination at step four, without finding plaintiff capable of performing additional jobs in the national economy, the error has a direct impact on the ultimate decision and is not harmless. Reversal is required.

*B. Reviewing Psychologists*

Reviewing psychologists Carla van Dam, Ph.D. and Beth Fitterer, Ph.D. stated plaintiff would have some occasional and moderate interference with her overall concentration, persistence, and pace, but would be able to sustain full-time competitive employment.  AR 132, 148.  The ALJ cited these opinions with approval. AR 51.  Plaintiff alleges the ALJ erroneously

---

[3] Plaintiff's work history description includes four hours kneeling and four hours crouching. AR 291. Based on this, the document is ambiguous as to whether plaintiff performed these activities for a total of eight hours or combined for four hours. Either way, four hours of crouching and/or kneeling is beyond the occasional limitation established by Dr. Gaffield and improperly rejected by the ALJ.  This ambiguous documentation also occurs in the description of plaintiff's time spent standing, walking, and sitting at her past relevant work.  She noted four hours of walking, four hours of standing, and four hours of sitting, amounting to twelve hours of work rather than the normal eight hour work day. AR 291. Plaintiff's past relevant work elements should be clarified upon remand.

REPORT AND RECOMMENDATION - 8

gave great weight to this improper vocational opinion as it is beyond the expertise of the reviewing psychologists. Dkt. 11 at 16.

Agency reviewing physicians, such as Drs. van Dam and Fitterer, are "experts in the evaluation of the medical issues in disability claims under the Act." SSR 96-6p. They can make determinations of disability at the initial and reconsideration levels of the administrative review process, consider medical evidence, assess whether an impairment meets a Listing and determined a claimant's RFC. SSR 96-6p. Drs. van Dam and Fitterer gave the opinion that plaintiff could sustain full-time, competitive employment in the context of initial and reconsideration evaluations of the disability claim. AR 132, 148. Therefore, the opinion that plaintiff could sustain full-time employment, despite interference with concentration, persistence and pace, was within the purview of their expertise and role. Furthermore, the ALJ found this opinion consistent with the intact cognitive functioning and mood control with treatment as shown in the record. AR 51.

While the ALJ gave great weight to the opinion expressed by Drs. van Dam and Fitterer, the RFC includes no limitations associated with concentration, persistence, and pace. The RFC states:

> She has the mental capability to adequate perform the mental activities generally required by competitive, remunerative work as follows: she can understand, remember, and carry out simple and detailed or complex instructions required of jobs classified at a level of SVP 1 or 2, or unskilled work, and also some jobs at the SVP 3 and 4 semi-skilled level of work. The claimant can make judgments on simple and detailed or complex work-related decisions required of jobs up to the semi-skilled level. She can respond appropriately to supervision, co-workers, and deal with occasional changes in the work environment that requires only occasional exposure to or interaction with the general public. AR 48.

This RFC details multiple restrictions based on plaintiff's mental impairments, but omits any

REPORT AND RECOMMENDATION - 9

reference to or limitations taking into account the predicted occasional and moderate interference with overall concentration, persistence, and pace. The ALJ's failure to incorporate any such restrictions was tantamount to rejection. As noted above, the ALJ "need not discuss *all* evidence presented," he must explain why "significant probative evidence has been rejected." Vincent, 739 F.3d at 1394-95. This apparent rejection was error.

The ALJ's error in evaluating the opinion of Drs. van Dam and Fitterer was not harmless. Failure to include any limitations related to concentration, persistence, or pace resulted in inaccurate RFC, hypotheticals, and vocational expert testimony. See Hill, 1161-2. (9th Cir. 2012). This directly impacts the ultimate determination of disability and requires reversal. See, Stout, 454 F.3d at 1055.

II.     This Matter Should Be Remanded for Further Administrative Proceedings

Plaintiff requests reversal for further proceedings pertaining to the time period between her alleged onset date of April 15, 2012 and the ALJ decision on October 21, 2013.[4] Dkt. 16 at 9. This is the proper remedy. Remand for further proceedings is appropriate where "critical factual issues remain unresolved." Brown-Hunter v. Colvin, 798 F. 3d 749, 2015 WL 6684997, at *1 (9th Cir. 2015). Here, plaintiff's true RFC is a critical factual issue that must be resolved in order to complete the disability analysis. Additional proceedings are necessary to correct the ALJ's errors and determine an accurate RFC. On remand, the ALJ should reconsider Dr. Gaffield's opinion; reassess the RFC; clarify plaintiff's past relevant work elements; and continue with steps four and five of the sequential evaluation process as necessary.

CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ

---

[4] Plaintiff was found disabled as of October 22, 2013 on a subsequent application. Dkt. 16 at 9.

REPORT AND RECOMMENDATION - 10

improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse the ALJ's decision and remand this matter to defendant for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **March 11, 2016**, as noted in the caption.

DATED this 24th day of February, 2016.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11